E-FILED
Wednesday, 23 December, 2015  03:58:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WESLEY, | ) |
| Plaintiff, | ) |
| v. | ) 15-CV-1442 |
| JOHN WILLIAMS, et al. | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff proceeds pro se from his incarceration in Menard Correctional Center. He alleges that Peoria Officer Williams caused Plaintiff's unlawful detention at the jail from June 9, 2012, to June 26, 2012, when the charges against Plaintiff were dropped for lack of probable cause.

Officer Williams moves to dismiss on the grounds that Plaintiff's claims are barred by the two-year statute of limitations. Plaintiff counters that the motion is procedurally improper because the motion cites Fed. R. Civ. P. 12(b)(6)(failure to state a claim). Plaintiff does not address the merits of Defendant's argument that Plaintiff's claim is barred by the statute of limitations.

Officer Williams' motion is procedurally proper because the motion relies solely on the allegations in the Complaint. O'Pere v. Citimortgage Bank, N.A., 2015 WL 6859289 *2 (N.D. Ill. 2015)("A statute of limitations argument might more typically be raised in a motion for judgment on the pleadings under Rule 12(c) [rather than 12(b)(6),] but 'the practical effect is the same.'")(quoted cite omitted)(bracketed material added).

It is plain from the face of Plaintiff's complaint that this action is barred by the two-year statute of limitations. Bryant v. City of Chicago, 746 F.3d 239, 241 (7th Cir. 2014)(In Illinois, section 1983 actions are subject to the two-year statute of limitations in 735 ILCS 5/13-202); Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002)("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit."). Plaintiff's claims based on his alleged illegal detention would have accrued, at the latest, on June 26, 2012, when the charges were dropped and he was released. Plaintiff filed this case more than three years later, clearly too late. Accordingly, the motion to dismiss will be granted.

**IT IS ORDERED:**

1) Defendant's motion to dismiss is granted (5).

2) This case is dismissed as barred by the statute of limitations.

3) **The clerk is directed to enter the standard order directing payment of the filing fee in installments from Plaintiff's trust fund account.**

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED:  **12/23/2015**
FOR THE COURT:

                                     **s/James E. Shadid**
                                     JAMES E. SHADID
                         UNITED STATES DISTRICT JUDGE